IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PACIFIC RESEARCH and EDUCATION INSTITUTE (PREI), and CHEN BING, | * * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX-22-25 |
| JOSEPH ROBINETTE BIDEN, JR., *et al.*, | * | |
| Defendants. | * *** | |

**ORDER**

On January 11, 2022, this Court forewarned plaintiffs that Pacific Research and Education Institute's claims may not proceed unless a licensed attorney enters an appearance on its behalf. ECF No. 4. The Court also directed plaintiffs to file an Amended Complaint within 28 days and cautioned that failure to do so would result in dismissal of the Complaint without prejudice. *Id.*

Plaintiff Chen Bing filed an Amended Complaint, naming himself as the sole plaintiff. ECF No. 5. Bing, however, claims that he brings this lawsuit on behalf of eight other Chinese citizens residing in the United States and China. *Id.* at 1-2. For the reasons that follow, the Complaint shall be dismissed.

Bing's Amended Complaint names numerous defendants, including President Joseph R. Biden, former Secretary of State Mike Pompeo, Secretary of State Antony Blinken, and federal agencies, departments, and organizations. *Id.* Putting aside the far flung alleged violations of Chinese law, the pleading also appears to allege common law defamation on behalf of Chinese people generally. *See id.*; *see also Talbert v. United States*, 932 F.2d 1064, 1066 (4th Cir. 1991) (noting that defamation is a tort that includes libel and slander). Specifically, Bing avers that news reports including statements made by the federal government regarding Xinjiang, China "are lies

that demonize the Chinese government and the Chinese people and deceive the American people." *Id.* at 7. As relief, Bing seeks revocation of certain domestic laws and published research reports, declaratory and injunctive relief, punitive damages, and monetary damages of $1.00 to each American and Pacific Islander living in the United States and to each Chinese person living in mainland China. *Id.* at 32-33.

Bing proceeds pro se, and so the Court is mindful that it must construe the Complaint allegations liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nevertheless, this Court may dismiss claims *sua sponte* where the matters asserted are plainly frivolous. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015). Notably, "dismissal prior to service of process is permissible when a Court lacks subject matter jurisdiction over a patently frivolous complaint." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

A federal court is of limited jurisdiction, empowered to hear claims presenting a federal question or where the parties are completely diverse in citizenship. 28 U.S.C. §§ 1331-1332. Otherwise, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014).

The Complaint avers that jurisdiction is premised on filing suit against the United States government. Civil Cover Sheet, ECF No. 1-1. But this supposed basis does not extend to the other named individual defendants. As to them, no facts support any jurisdictional basis for the claims to proceed. The claims may be dismissed as to the individual defendants on this ground alone.

Additionally, even if federal question jurisdiction somehow exists as to any party, the Complaint must be dismissed for lack of standing. *Taylor v. Kellogg Brown & Root Servs., Inc.*,

658 F.3d 402, 412 (4th Cir. 2011); *see In re Bulldog Trucking*, 147 F.3d 347, 352 (4th. Cir. 1998) (a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."). Article III of the United States Constitution demands that federal courts adjudicate only "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "One element of the case-or-controversy requirement" is that a plaintiff must establish standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). That is, the Court must ascertain "whether a plaintiff ha[s] the requisite stake in the outcome of a case . . . ." *Deal v. Mercer Cty. Bd. of Educ.*, 911 F.3d 183, 187 (4th Cir. 2018) (citing *Friends of the Earth. Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)). A plaintiff has standing where (1) he has suffered an injury which is concrete, particularized and imminent, not hypothetical or conjectural; (2) his claimed injury is "fairly traceable to the challenged action of the defendant"; (3) the injury "will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 168 (2014); *Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 284 (4th Cir. 2018).

Although the Complaint is replete with facts alleging all manner of mistreatment of Chinese nationals, none of the allegations involve Bing. The Complaint is devoid of any alleged harm that he has suffered as a result of the claimed wrongdoing. As to the remaining standing requirements, traceability or redressability, Bing expressly seeks relief not for himself but for injured third parties. Viewing the Complaint facts most favorably to him, Bing lacks standing to pursue this matter. The Complaint must therefore be dismissed.

Accordingly, it is this 9th day of March 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED;

2. The Emergency Motion (ECF No. 3) IS DENIED as moot;

3. The "Motion of Stop Publishing the Book," construed as a Motion for Injunctive Relief (ECF No. 6) IS DENIED as moot;

4. The Clerk SHALL SEND a copy of this Order to Plaintiff; and

5. The Clerk SHALL CLOSE this case.

                                                                                       /S/
                                                Paula Xinis
                                                United States District Judge